German Gamaliel **CHAN; Sara Maria Chan; Alma Sibel Chan Pech, Petitioners,**

v.

Michael B. **MUKASEY, Attorney General, Respondent.**

No. 06–72500.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 20, 2007.*

Filed Dec. 28, 2007.

Shawn Sedaghat, Esq., Nakissa Sedaghat, Esq., Law Offices of Shawn Sedaghat, Encino, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Siu P. Wong, Shahrzad Baghai, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and HAWKINS, Circuit Judges.

### MEMORANDUM **

German Gamaliel Chan, Sara Maria Chan, and their daughter Alma Sibel Chan Pech, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") order denying their applications for cancellation of removal, and denying their motion to remand. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to remand. *See Ramirez–Alejandre v. Ashcroft*, 319 F.3d 365, 382 (9th Cir.2003) ("Under BIA procedure, a motion to remand must meet all the requirements of a motion to reopen and the two are treated the same."). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003).

We lack jurisdiction over petitioners' contentions that the IJ deprived them of their due process rights because they failed to raise this issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (holding that due process challenges that are "procedural in nature" must be exhausted).

The BIA did not abuse its discretion by denying petitioners' motion to remand, where the majority of the evidence they submitted was not new or unavailable at the time of their hearing, and they failed to explain why the evidence was not submitted previously. *See* 8 CFR § 1003.2(c)(1); *see also Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law"). Moreover, we are not persuaded that the BIA applied an incorrect standard in determining that even if the evidence were considered, it would not likely change the outcome. *See Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir.2003) (holding that a motion to reopen must establish a prima facie case demonstrating "a reasonable likelihood that the statutory requirements for relief have been satisfied") (quoting *Matter of S–V–*, 22 I. & N. Dec. 1306, 1308 (BIA 2000) (en banc)).

To the extent petitioners contend that the BIA failed to consider some or all of the evidence they submitted with the motion, they have not overcome the presumption that the BIA did review the record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir.2006).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.